By the Court.—Freedman, J.
I am of the opinion that in justice to both parties there should be a new trial.
The plaintiff was appointed a foreman in the street cleaning bureau of the police department on December 26, 1879, and performed services in that capacity until July 22, 1880, when he received a written notice of removal from such position. This notice will be more particularly referred to hereafter. He performed no services from July 22, until October 20, 1880, when he was again put to work, and from that time he continued to serve until March 30, 1881, when he admits that he was legally removed. He was paid regularly at the rate of $900 per annum, for the periods during which he was actually at work, but received nothing for the *295 time between July 33, 1880, and October 30, 1880, a period of two months and twenty-eight days. This action is brought to recover salary for this interval of time at the rate mentioned.
Aside from a number of formal allegations in the •complaint, rendered necessary by the peculiarity of the provisions of the defendants’ charter relative to the payment of expenses incurred by the police department, which, unlike other departments of the city government, has exclusive control over its disbursements, which are made through its treasurer, the material allegations of the complaint are as follows :
“V. That the plaintiff was, on or about December 26, 1879, duly appointed by the said board of police commissioners to the position of foreman in the bureau of street cleaning, at a salary of $900 per annum. .
“ That he faithfully performed all the duties and services required of him by the said police commissioners, from December 29, 1879, until March 30, 1881, when he was discharged by the said board.
“ VI. The plaintiff has been paid for his services as foreman in the street cleaning bureau, at the said rate of $900 per annum, for all of the said period between December 26, 1879, and March 30,1881, except for nine days in the months of July, 1880, for the months of August and September, 1880, and for nineteen days in the month of October of said year, for which time, amounting in all to two months and twenty-eight days, plaintiff has received no compensation whatever.”
The defendants, by their answer, admitted the allegations of paragraph VI., but denied the allegations of paragraph V-, in respect to which they admitted only “that between the 29th day of December, 1879, and the 22d day of July, 1880, and between the 19th day of October, 1880, and the 30th day of March, the plaintiff was an employee in the bureau of street cleaning, *296 performing services as foreman in said bureau, for which he was paid at the rate of $900 per annum.”
As a further-and separate defense, the defendants pleaded that on or about July 22, 1880, the plaintiff was removed and notified of such removal, and that he performed no services whatever between July 22,1880, and October 19, 1880.
Upon these issues the burden of proof at the. trial was upon the plaintiff to establish an employment or appointment of such a nature or for such a period as entitled him to the salary now claimed, irrespective of the rendition of services; but he gave no such proof, and rested his case upon the facts admitted by the pleadings, and certain other admissions which were made at the trial and went to mere formal parts of the case, but did not affect the main question now under consideration.
All the admissions thus made, taken together, do not entitle the plaintiff to a recovery. It does not appear from them for what length of time the plaintiff was originally employed or appointed, nor can it be held upon them, that the plaintiff, as a foreman of the street cleaning bureau, was an officer within the meaning of the charter (Laws 1873, ch. 335), whose salary is fixed by statute and annexed to, or is an incident of, the office, so that the board of police commissioners had no control over the same as held by the court of appeals in People ex rel. Ryan v. French. The plaintiff must, therefore, be treated as an employee whom the board, under the statute, had power to engage and remove at pleasure according to the exigencies of the public service, and whose salary was fixed by, and remained subject to the control of, the board. This being so, and it having been conceded that no services were rendered during the period in controversy, the plaintiff was bound to establish affirmatively that his employment or appointment was of such a nature or for *297 such a period as to entitle him to the compensation now claimed, irrespective of the question whether he actually performed services or not. ,This he wholly failed to do, and for such failure his complaint should have been dismissed.
It may be argu.ed, however, that the motion made by the defendants did not ask for a dismissal upon this specific ground. It was made upon the grounds:
“1. That the plaintiff was regularly removed from his position in the bureau of street cleaning on J uly 22, 1880, and was not in the employ of said bureau during the time for which he seeks compensation. 2. That during said period the plaintiff performed no services whatever for the defendants.”
The point nevertheless is in the case. It clearly appears in the record, and it has been pressed on the appeal. To disregard it because not specifically made below, though it is a vital point, this court would have to decide not only that it has the power to do so, but also that the exercise of the power is called for by the circumstances of the case in furtherance of justice. In my opinion, the power, if it exists, should not be exercised under the circumstances of this case. The defendants at, the trial concentrated their efforts to prove that, whatever the precise nature or character of plaintiff’s original emplyment or appointment may have been, he was duly removed from his position on J uly 22,1880. To that end they showed, that by section 6 of chapter 677 of the Laws of 1872, the board of police was authorized to appoint and employ such officers, agents and employees as they might find necessary in the performance of the duty of cleaning the streets ; that by section 41 of chapter 335 of the Laws of 1873 (the charter), the board had power to appoint and remove at pleasure the persons so employed, according to fixed rules to be established by the Board ; that the board delegated to the chairman of the committee on *298 street cleaning the executive function of employing •and discharging the persons necessary to be employed or discharged <in the performance of the business of street cleaning; and that, on July 22, 1880, the plaintiff was served with a notice of which the following is a •copy:
“Police Departement, City of New York, ) Bureau of Street Cleaning,. > New York, July 22, 1880. )
“ C. W. Brandt, Esq.:
“Dear Sir,—The bearer, John Drout, has been appointed foreman of the 19th Precinct, and you have been removed by order of the chairman of the committee on street cleaning.
“Please give him the time-books, papers, etc., belonging to this bureau, and oblige
“Yours, etc., J. B. Green, C. C.”
No proof was given showing who “ J. B. Green, C. C.” was or is, or how he knew that the plaintiff had been removed by order of the chairman, nor was any further evidence produced which established the alleged removal. Nevertheless it seems to have been assumed that there had been in fact a removal by the chairman of the committee on street cleaning, and consequently the question left related only to the legality of the proceeding. On the present appeal, however, the plaintiff contends not only that the board was not authorized to delegate the power of appointment and removal to the chairman of the committee, but also that, even if it was, and did do so, there is no legal evidence that the plaintiff was removed by order of the said chairman. The objection, so far as it concerns the fact of removal, and without intimating any opinion beyond it, appears to be well taken, and yet it is capable of ready obviation by proof, if the fact is as urged by the defendants.
*299 Under these circumstances the ends of justice require that the defect in the plaintiff’s proof should not be disregarded, but that both parties should have another opportunity to be heard, when, it is to be hoped, the case will be more fully developed.
The judgment should be reversed and a new trial -ordered, with costs to the appellants to abide the event.
Sedgwick, Ch. J., concurred.